# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYWRONE BROWN, | CASE NO. 1:06-cv-01649-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED WITHOUT PREJUDICE |
| v. | |
| JAMES A. YATES, et al., | |
| Defendants. | (Doc. 11) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

I. <u>Procedural History</u>

Plaintiff Dywrone Brown ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and California law. This action was removed from the Fresno County Superior Court on November 15, 2006, and is proceeding on plaintiff's complaint against defendants J. Yates and Igbinosa ("defendants") under section 1983 for violation of the Eighth Amendment, and on supplemental state law claims. On November 28, 2007, defendants filed a motion to dismiss for failure to exhaust. (Doc. 11.) Plaintiff filed an opposition on December 13, 2007. (Doc. 12.)

II. <u>Exhaustion Requirement</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

III.  Defendants' Motion to Dismiss for Failure to Exhaust

A. Section 1983 Claims

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

The Eighth Amendment claims at issue in this action allegedly accrued between January 28, 2006 and March 21, 2006. Plaintiff contends that Pleasant Valley State Prison ("PVSP") was infested with Valley Fever, and that defendants placed him at risk by not transferring him to a different facility. Plaintiff alleges that defendants have also exposed plaintiff to hazardous materials, particularly beverages containing Aspartame, without informing him of the dangers posed. Plaintiff alleges violation of his Eighth Amendment rights.

Defendants argue that plaintiff did not exhaust his Eighth Amendment claims against them. In support of their motion, defendants submit evidence that plaintiff did not file any grievances whatsoever while he was incarcerated at PVSP. (Doc. 11-3, Hudson Dec., ¶5-7). The absence of any record of relevant appeals is sufficient for defendants to meet their burden as the parties moving for dismissal. The burden therefore shifts to plaintiff to set forth evidence that exhaustion occurred.

In his opposition, plaintiff states that prison officials prevented him from utilizing the appeals process and thereby rendered the administrative remedies unavailable.[1] Plaintiff states that he attempted on three occasions to complete the appeal process. Plaintiff states that he filed a CDC 602 appeal in January, March and April 2006 but that his appeals were never processed. Plaintiff argues that because prison officials did not process his appeals, exhaustion occurred. In support of his opposition, plaintiff filed with his opposition a copy of an unrelated complaint (bearing Case No. 1:07-cv-0459 AWI-SMS (PC)) in which he contends that he has filed several 602 appeals without response, as well as affidavits from four other inmates at PVSP, all of whom attest to their own difficulties receiving responses to their appeals. (Doc. 12).

Plaintiff's bare assertion that he filed inmate appeals insufficient to defeat defendants' motion. "[Proper] exhaustion of administrative remedies is necessary," Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), and "[p]roper exhaustion demands compliance with an agency's deadlines and

---

[1] Arguments or contentions set forth in a responding brief do not constitute evidence. See Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence). However, verified pleadings and opposition to motions constitute opposing affidavits. Moran v. Selig, 447 F.3d 948, 759-60 (9th Cir. 2006); Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998). In this instance, plaintiff's opposition to the motion to dismiss is verified and shall be treated as an affidavit to the extent it is "based on personal knowledge and set[s] forth facts admissible in evidence and to which the affiant is competent to testify." Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985) (citation omitted).

other critical procedural rules . . . ," id. at 2386.  The court is mindful that the failure to respond to a properly filed grievance may result in a finding that exhaustion occurred.  Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); see also Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005).  Here, however, plaintiff has not submitted any evidence demonstrating that he properly filed an appeal or appeals grieving the facts giving rise to his claims in this action and in doing so complied with all the applicable procedural rules.  The vague assertion that grievances were filed is insufficient to make the requisite showing that exhaustion either occurred or was excused due to some form conduct on the part of prison officials which prevented plaintiff from properly utilizing the appeals process.  King v. Tracy, 2007 WL 220988, No. 1:06-cv-00108-AWI-SMS PC, *1 (E.D.Cal. Jul. 30, 2007) (motion to dismiss for failure to exhaust granted because no evidence submitted demonstrating an appeal was properly filed in compliance with all applicable procedural rules); Reynolds v. California Dep't of Corr., 2007 WL 1080529, No. 1:05-cv-01014-AWI-SMS PC, *2-3 (E.D.Cal. Apr. 5, 2007) (recommendation that motion to dismiss for failure to exhaust be denied in light of submission of evidence that an appeal grieving the conduct at issue in the lawsuit was timely filed in compliance with applicable procedural rules), adopted in full, 2007 WL 1597104, No. 1:05-cv-01014-LJO-SMS PC (E.D.Cal. Jun. 1, 2007).

       B.       State Law Claims - Negligence

In addition to his federal claims for violation of the Eighth Amendment, plaintiff alleges state law tort claims for negligence.  California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control and still referred to herein as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2007).  Presentation of a written claim, and action on or

1  rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County
2  (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v.
3  California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a
4  public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior
5  Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-
6  Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

7       Defendants have not submitted any evidence to support the dismissal of plaintiff's state law
8  claims for failure to exhaust. However, pursuant to 28 U.S.C. § 1367(a), in any civil action in which
9  the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over
10 all other claims in the action within such original jurisdiction that they form part of the same case
11 or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial
12 power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under
13 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The
14 district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if
15 . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §
16 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial,
17 . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383
18 U.S. 715, 726 (1966).

19      In the instant case, the court finds that defendants are entitled to dismissal of plaintiff's §1983
20 claims for plaintiff's failure to exhaust administrative remedies. As a result, the only claims left in
21 this action are state law negligence claims. The court therefore recommends that the court decline
22 to exercise supplemental jurisdiction over plaintiff's state law claims and that they be dismissed from
23 this action, without prejudice.
24 ///
25 ///
26 ///
27 ///
28 ///

V.	Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Defendants' motion to dismiss for failure to exhaust, filed November 28, 2007, be GRANTED;
2. Plaintiff's Section 1983 claims be dismissed in its entirety, without prejudice, for failure to exhaust; and
3. Plaintiff's state law claims for negligence be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 3, 2008**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE